Tapia-Pedroza v. Wilkinson

BIA
Hochul, IJ
A208 617 541

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-one.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        WILLIAM J. NARDINI,
          *Circuit Judges.*

_____

JOSE ANTONIO TAPIA-PEDROZA,
        *Petitioner,*

        v.                    18-3818
                                       NAC

MONTY WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR PETITIONER:**     Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**     Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne , Assistant Director; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Antonio Tapia-Pedroza, a native and citizen of Mexico, seeks review of a November 29, 2018, decision of the BIA affirming a November 22, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  *In re Jose Antonio Tapia-Pedroza,* No. A 208 617 541 (B.I.A. Nov. 29, 2018), *aff'g* No. A 208 617 541 (Immig. Ct. Buffalo Nov. 22, 2017).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented and modified by the BIA, i.e. minus the IJ's analysis of

2

whether Tapia-Pedroza's proposed social group is cognizable. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Where, as here, an asylum applicant does not allege past persecution, he has the burden to establish a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion . . . will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(b)(1), (2). To establish a well-founded fear, an applicant must show that he "subjectively fears" persecution and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although a "fear may be well-founded even

3

if there is only a slight, though discernible, chance of persecution," *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000), a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

We find no error in the agency's conclusions that Tapia-Pedroza did not establish his membership in his proposed social group or an objectively reasonable fear of persecution. He argues that he is a member of a particular social group of "individuals who have been held as material witnesses against organized criminal syndicates operating with ties to other criminal syndicates throughout Mexico." But he did not tie the individual in the United States against whom he was a witness to organized criminal groups in Mexico. The only evidence of a connection was the fact that the individual picked him and two others up on the U.S. side of the border after another individual brought them to the border in Mexico. Tapia-Pedroza had no prior knowledge of either individual, they were not from his hometown, and neither he nor his family members had received any threats. Given the lack of evidence of a connection to organized criminal groups

4

or that anyone was interested in harming him, substantial evidence supports the agency's conclusion that he failed to show a connection to a protected ground or an objectively reasonable fear of future harm. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Tapia-Pedroza's failure to establish an objectively reasonable fear of persecution is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court